[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2008
THOMAS K. KAHN
CLERK

No. 08-13566
Non-Argument Calendar
_____

D. C. Docket No. 06-01056-CV-J-33-JRK


ZORA PAIGE BARTHLOW,

Plaintiff-Appellant,

versus

JAMES B. JETT,
in his individual capacity,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 16, 2008)


Before BIRCH, HULL, and HILL, Circuit Judges.

PER CURIAM:

Zora Paige Barthlow sued James B. Jett, in his individual capacity, for damages in connection with her termination from the Clerk of Courts for Clay County, Florida. The district court entered summary judgment for Jett, holding that he was entitled to qualified immunity. For the following reasons, we shall affirm.

Barthlow claims that she was terminated in retaliation for having filed a complaint against Jett with the Florida Elections Commission in connection with his re-election campaign. She claims that she "exercised her right to free speech in addressing a matter of public concern," and that Jett retaliated by altering the terms of Barthlow's employment and ultimately firing her. Jett responds that he is protected by qualified immunity from Barthlow's claims and that, in any event, he had lawful reasons for terminating her employment. We review the district court's grant of summary judgment *de novo*. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A government actor is entitled to qualified immunity from an action alleging retaliatory firing for protected speech if he can show that he would have taken the same action in the absence of the speech. *Stanley v. City of Dalton*, 219 F.3d 1280, 1288 (11th Cir. 2000) (citing *Bryson v. City of Waycross*, 888 F.2d 1562,

2

1565-66 (11th Cir. 1989)).  There is no constitutional violation if the state actor had a legitimate reason for firing the employee.  *Id.* at 1293.  Even if the employer partially relied on the protected speech in taking the adverse employment action, there is no liability if the employer can present sufficient evidence that the same decision would have been made absent the protected speech.  *Id.*

It is clear that Jett had a legitimate reason for firing Barthlow.  The record is replete with evidence adduced by Jett that Barthlow had an extensive history of reprimands for unprofessional conduct.  Her file contains numerous reprimands for abusive and harassing incidents with co-workers, Clerk of the Court customers, and Assistant State Attorneys.  In one particularly egregious incident, one of the Clay County circuit judges felt compelled to complain of her unprofessional conduct in the courtroom, which resulted in an inmate being mistakenly released from custody when the court had remanded for incarceration.  The judge recommended that Barthlow be immediately reassigned and removed from further court appearances.  On other occasions, Barthlow incorrectly advertised the date of a tax deed sale, failed to send a memorandum to the jail resulting in the inmate spending an extra day in jail, and leveled false accusations of sexual harassment against a fellow employee, which she later withdrew.  Barthlow's supervisor stated in her evaluation that:

[Barthlow's] attitude comes across as being overbearing and non-flexible. Her harsh tone of voice affects the work environment in the department. She comes across as if []everything is supposed to go her way and she doesn't adjust well to a heavy work flow or reassignment of tasks. . . . [Barthlow] seems to blame others when problems occur rather than accepting responsibility of the problems herself.

Barthlow does not dispute that these incidents occurred. Instead, she offers a variety of excuses for her behavior. The district court, however, found that Jett had presented sufficient evidence of Barthlow's negative employment history to establish his legitimate reasons for terminating her employment. We agree.

Furthermore, even if this were a case of mixed motives,[1] we would affirm the district court's entry of summary judgment. A state actor is entitled to qualified immunity for firing an employee when motivated in part by unlawful considerations if lawful reasons were also present. *Stanley*, 219 F.3d at 1296. Such lawful considerations are patently present in this case. Therefore, even if it were true that Jett was motivated in part by retaliatory intent, Jett had more than ample lawful cause to terminate Barthlow.

Accordingly, the judgment of the district court is due to be

AFFIRMED.

---

[1]We make no finding that Jett acted with retaliatory intent. We note only that even if he had, he would be entitled to qualified immunity if his termination of Barthlow was lawful for other reasons. *Stanley*, 219 F.3d at 1296.